TRACY L. WILKISON
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0526/6159/2435
    Facsimile: (213) 894-6269
    E-mail:    Kristen.Williams@usdoj.gov
              Cathy.Ostiller@usdoj.gov
              Alex.Wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>INDEPENDENT MEDICAL SERVICES, INC., a professional corporation, and<br>SURGERY CENTER MANAGEMENT, LLC,<br><br>    Defendants. | Nos. CR 17-00661(A)-DMG-2<br>      CR 17-00661(A)-DMG-3<br><br>*EX PARTE* APPLICATION FOR A PROTECTIVE ORDER<br><br>[PROPOSED] PROTECTIVE ORDER LODGED SEPARATELY |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Kristen A. Williams, Cathy J. Ostiller, and Alexander C.K. Wyman, for the reasons set forth below, hereby applies ex parte for a protective order in this

case restricting the use and dissemination of some of the materials it intends to disclose as discovery in this case pursuant to Federal Rule of Criminal Procedure 16(d)(1).

This Application is based on the attached declaration of Alexander C.K. Wyman, the concurrently filed proposed protective order, and the files and records in this case.

Dated: March 28, 2018                    Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


          /s/
KRISTEN A. WILLIAMS
CATHY J. OSTILLER
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**DECLARATION OF ALEXANDER C.K. WYMAN**

I, Alexander C.K. Wyman, declare as follows:

1.   I am an Assistant United States Attorney for the Central District of California.  Together with Kristen A. Williams and Cathy J. Ostiller, I represent the government in United States v. Julian Omidi et al., CR 17-00661(A)-DMG.  I make this declaration in support of the government's ex parte application to obtain a protective order regarding discovery in this case.

2.   Some of the materials that the government intends to disclose as discovery in this case include:

- medical records and related documents that pertain to patients who allegedly received treatments at or services from various relevant medical clinics and businesses and that contain personal identifying information and other confidential information, such as: Social Security numbers, dates of birth, residential addresses, telephone numbers, electronic mail addresses, bank account and other financial information, and/or health information tied to a particular patient by that patient's personal identifying information; and

- financial records, including numerous bank records that the government obtained in the course of investigating this case, that contain personal identifying information, including residential addresses, Social Security numbers, bank account numbers and other data, and dates of birth of certain named defendants and others,

3

all of which is collectively referred to as "Confidential Information" and all of which is deserving of the protections afforded by a protective order.

3. To the extent the government produces discovery containing unredacted Confidential Information in advance of the trial in this matter, some of which discovery is expected to exceed the strict scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statutes, and relevant case law, it requires that such discovery be subject to the protections afforded by a protective order.

4. I believe the materials anticipated to be produced in discovery contain Confidential Information in a volume, and so intermingled with other information, that redaction of materials to remove all Confidential Information is impractical and would render the discovery more difficult for defendants effectively to review and use.

5. The government therefore applies <u>ex parte</u> for a protective order containing the following terms:

    a. For purposes of this Protective Order:

        i. The term "Confidential Information" shall mean any and all of the following information contained in materials that are disclosed to defendants by the government:

            (I) Medical records and related documents that contain (a) Social Security numbers, (b) dates of birth, (c) residential addresses, (d) telephone numbers, (e) electronic mail addresses, (f) bank account and other financial information, and/or (g) health information tied to a particular patient by that patient's personal identifying information; and

                (II) financial records, including numerous bank records that the government obtained in the course of investigating this case, that contain personal identifying information, including home addresses, Social Security numbers, bank account numbers and other data, and dates of birth of certain named defendants and others,
all of which Confidential Information is deserving of the protections afforded by a protective order.

        ii.   The term "Confidential Materials" shall mean: (1) any and all materials disclosed to defendants by the government that are designated by the government as "Confidential Materials" because they contain Confidential Information; and (2) any copies, including electronic copies, of any such materials, including any copies maintained in any database or other electronic system.

        iii. The term "Defense Team" shall mean, with respect to each defendant: (a) defendant, (b) defendant's counsel, (c) any member or employee of defense counsel's firm, (d) any co-counsel representing defendant in connection with this case, and (e) anyone retained by defense counsel in connection with this case, including, but not limited to, investigators, experts, consultants, and copy service providers.

        iv.   The term "Defense Witness" shall mean any individual or entity that defense counsel believes may have information relevant to the defense of this criminal case or with whom defense counsel believes he/she must communicate in order to represent defendants.

    b.   The Defense Team shall use or disclose Confidential Materials and/or Confidential Information only in connection with and

for the purpose of defense of this criminal case and not for any other purpose.

   c. The Defense Team may disclose Confidential Materials and/or Confidential Information without restriction to: (a) the government, (b) the Court, and (c) the defendant's or any co-defendant's Defense Team, subject to paragraph 5(d) below.

   d. Defendants' counsel shall have the responsibility of assuring that, prior to receiving any Confidential Materials or reviewing any Confidential Information, each member of that defendant's Defense Team has reviewed this Protective Order and has agreed to be bound by its terms, as indicated by (with the exception of defendants and their respective counsel) their signature of Acknowledgment in the form attached hereto as Exhibit A.

   e. A member of the Defense Team may orally disclose and may show (but not provide or permit the copying of) Confidential Materials containing Confidential Information to any Defense Witness or counsel for any Defense Witness in connection with this case without requiring that Defense Witness or that Defense Witness's counsel to execute any acknowledgement.

   f. Any document containing Confidential Information that is filed with the Court shall be redacted or filed under seal under the authority of this Order and in accordance with the provisions of Local Rule 79-5. However, this <u>ex parte</u> application is not intended to preclude parties from introducing any document containing Confidential Information as an exhibit at trial or in connection with any Court proceeding, subject to any procedures that may be determined and required by the Court to protect Confidential Information contained in any such document.

       g.    At the conclusion of this criminal case (including the final determination of any appeal and any post-conviction proceedings), the Defense Team shall return to the government all Confidential Materials received pursuant to this Protective Order and all copies of such Confidential Materials that have been disclosed to any Defense Witness or counsel for any Defense Witness, or shall destroy or cause to be destroyed all such Confidential Materials and certify to the government that such Confidential Materials have been destroyed.

       h.    Defendants' counsel shall retain all of the executed acknowledgments referenced in paragraph 5(d) above for which defendants' counsel is responsible, and shall have those acknowledgments available for inspection upon request of the government or the Court.

       i.    Nothing in this Protective Order requires the government to disclose any Confidential Materials or Confidential Information or any other information to any defendant beyond that required by the Federal Rules of Criminal Procedure, federal statutes, or relevant case law.

       j.    This Protective Order shall be effective as of the date it is issued by the Court and may be modified, amended, or vacated only upon further order of the Court.  The parties agree that jurisdiction to enforce this Protective Order shall remain with the Court even after the conclusion of this criminal case.

6.    The government continues to believe these terms balance the need to protect privacy interests in sensitive personal, medical, and financial information that may be contained in the discovery in this

case, with defendants' need to obtain discovery in a usable format and in a timely manner for use in his defense in this case.

7. On March 7, 2018, this Court entered an almost identical order with respect to defendant MIRALI ZARRABI, following a stipulation between the government and counsel for defendant ZARRABI. (Dkt. 57.) On March 22, 2018, the Court entered an almost identical order with respect to defendant JULIAN OMIDI, following an ex parte application by the government. (Dkt. 91.)

8. On March 23, 2018, the government sent an email to Ms. Kamille Dean, counsel of record for defendants INDEPENDENT MEDICAL SERVICES, INC. ("IMS") and SURGERY CENTER MANAGEMENT, LLC ("SCM"), asking Ms. Dean whether IMS and SCM had retained separate counsel or, if not, when such counsel would be retained, if at all. On March 27, 2018, the government sent another email to Ms. Dean, again requesting information regarding separate counsel for IMS and SCM. In the interests of providing discovery, the vast majority of which contains Confidential Information as defined above, in a timely fashion, the government advised Ms. Dean that it would be applying ex parte for a protective order today. The government informed Ms. Dean that if the corporate defendants wished to have their respective counsel's position set forth in this application, either she or separate corporate counsel should so advise government counsel by close of

//
//
//
//
//
//

8

business on March 27, 2018.  As of the time of this filing, the government has not received a response from Ms. Dean or any other attorney for IMS or SCM on this issue.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 28, 2018.

                               /s/
                      ALEXANDER C.K. WYMAN

**EXHIBIT A**

ACKNOWLEDGMENT

I, _____, hereby acknowledge as follows:

1.   I have read and reviewed the Protective Order entered in United States v. Omidi, et al., No. CR 17-661(A)-DMG;

2.   I agree to be bound by all of the terms of the Protective Order; and

3.   In particular, I agree that I will not disclose (either orally or in writing) any Confidential Materials or Confidential Information (as defined in the Protective Order) except as expressly permitted by the terms of the Protective Order.

Dated: _____          _____