UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00661(A)-DMG-2-3 |
|---|---|
| Plaintiff, | |
| v. | PROTECTIVE ORDER [104] |
| JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>INDEPENDENT MEDICAL SERVICES, INC., a professional corporation, and<br>SURGERY CENTER MANAGEMENT, LLC,<br><br>          Defendants. | |

The Court has read and considered the government's <u>Ex Parte</u> Application for a Protective Order, filed by the government on March 28, 2018, which this Court incorporates by reference into this Order, and FOR GOOD CAUSE SHOWN the Court hereby ORDERS as follows:

1. For purposes of this Protective Order:

    a. The term "Confidential Information" shall mean any and all of the following information contained in materials that are disclosed to defendants INDEPENDENT MEDICAL SERVICES, INC. and SURGERY CENTER MANAGEMENT, LLC ("defendants") by the government:

        i. medical records and related documents that contain (a) Social Security numbers, (b) dates of birth, (c) residential addresses, (d) telephone numbers, (e) electronic mail addresses, (f) bank account and other financial information, and/or (g) health information tied to a particular patient by that patient's personal identifying information; and

        ii. financial records, including numerous bank records that the government obtained in the course of investigating this case, that contain personal identifying information, including home addresses, Social Security numbers, bank account numbers and other data, and dates of birth of certain named defendants and others.

    b. The term "Confidential Materials" shall mean: (1) any and all materials disclosed to defendants by the government that are designated by the government as "Confidential Materials" because they contain Confidential Information; and (2) any copies, including electronic copies, of any such materials, including any copies

2

maintained in any database or other electronic system.

        c.    The term "Defense Team" shall mean, with respect to each defendant: (a) defendant, (b) defendant's counsel, (c) any member or employee of defense counsel's firm, (d) any co-counsel representing defendant in connection with this case, and (e) anyone retained by defense counsel in connection with this case, including, but not limited to, investigators, experts, consultants, and copy service providers.

        d.    The term "Defense Witness" shall mean any individual or entity that defense counsel believes may have information relevant to the defense of this criminal case or with whom defense counsel believes he/she must communicate in order to represent defendants.

    2.    The Defense Team shall use or disclose Confidential Materials and/or Confidential Information only in connection with and for the purpose of defense of this criminal case and not for any other purpose.

    3.    The Defense Team may disclose Confidential Materials and/or Confidential Information without restriction to:  (a) the government, (b) the Court, and (c) the defendant's or any co-defendant's Defense Team, subject to paragraph 4 below.

    4.    Defendants' counsel shall have the responsibility of assuring that, prior to receiving any Confidential Materials or reviewing any Confidential Information, each member of that defendant's Defense Team has reviewed this Protective Order and has agreed to be bound by its terms, as indicated by (with the exception of defendants and their respective counsel) their signature of Acknowledgment in the form attached hereto as Exhibit A.

    5.    A member of the Defense Team may orally disclose and may

show (but not provide or permit the copying of) Confidential Materials containing Confidential Information to any Defense Witness or counsel for any Defense Witness in connection with this case without requiring that Defense Witness or that Defense Witness's counsel to execute any acknowledgement.

6.   Any document containing Confidential Information that is filed with the Court shall be redacted or filed under seal under the authority of this Order and in accordance with the provisions of Local Rule 79-5.  However, this Order does not preclude parties from introducing any document containing Confidential Information as an exhibit at trial or in connection with any Court proceeding, subject to any procedures that may be determined and required by the Court to protect Confidential Information contained in any such document.

7.   At the conclusion of this criminal case (including the final determination of any appeal and any post-conviction proceedings), the Defense Team shall return to the government all Confidential Materials received pursuant to this Protective Order and all copies of such Confidential Materials that have been disclosed to any Defense Witness or counsel for any Defense Witness, or shall destroy or cause to be destroyed all such Confidential Materials and certify to the government that such Confidential Materials have been destroyed.

8.   Defendants' counsel shall retain all of the executed acknowledgments referenced in paragraph 4 above for which defendants' counsel is responsible, and shall have those acknowledgments available for inspection upon request of the government or the Court.

9.   Nothing in this Protective Order requires the government to disclose any Confidential Materials or Confidential Information or

any other information to any defendant beyond that required by the Federal Rules of Criminal Procedure, federal statutes, or relevant case law.

10. This Protective Order shall be effective as of the date it is issued by the Court and may be modified, amended, or vacated only upon further order of the Court. Jurisdiction to enforce this Protective Order shall remain with the Court even after the conclusion of this criminal case.

IT IS SO ORDERED.

April 3, 2018
DATE

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT

I, _____, hereby acknowledge as follows:

1. I have read and reviewed the Protective Order entered in <u>United States v. Omidi, et al.</u>, No. CR 17-661(A)-DMG;

2. I agree to be bound by all of the terms of the Protective Order; and

3. In particular, I agree that I will not disclose (either orally or in writing) any Confidential Materials or Confidential Information (as defined in the Protective Order) except as expressly permitted by the terms of the Protective Order.

Dated: _____          _____