NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-00661(A)-DMG |
| Plaintiff, | PROTECTIVE ORDER REGARDING CONFIDENTIAL PERSONNEL RECORDS AND INFORMATION OF A GOVERNMENT WITNESS [585] |
| v. | |
| JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>INDEPENDENT MEDICAL SERVICES,<br>INC., a professional<br>corporation,<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi<br>      Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi," | |
| Defendants. | |

The Court has read and considered the Government's Ex Parte Application for Protective Order Regarding Confidential Personnel Records and Information of a Government Witness; the opposition filed on October 17, 2019 by Defendant Surgery Center Management, LLC ("SCM") [Doc. # 586]; the Government's reply filed October 23, 2019

1  [Doc. # 590] and Defendant SCM's sur-reply filed November 1, 2019

2  [Doc. # 594].[1]  The Government contends as follows:

3      1.   The government has information contained in United States

4  Food and Drug Administration ("FDA") personnel records regarding an

5  FDA Office of Criminal Investigations ("FDA-OCI") employee ("FDA

6  Employee 1").  At this time, the government has not yet decided

7  whether it will need to call FDA Employee 1 as a witness at trial.

8      2.   The government would like to disclose, within the

9  government's discretion, documents and/or information contained in or

10  related to the personnel records of FDA Employee 1 ("Confidential

11  Personnel Materials") to defendants' counsel of record in this

12  matter.

13      The Court hereby finds that the <u>Ex Parte</u> Application for

14  Protective Order, which this Court incorporates by reference into

15  this Order, provides good cause for entry of a protective order.

16      Accordingly, IT IS ORDERED that the Confidential Personnel

17  Materials that the government will provide to defense counsel in the

18  above-captioned case shall be subject to this Protective Order, as

19  follows:

20      a.   For purposes of the Protective Order, the term

21  "defense team" refers to (1) each defendant's counsel of record;

22  (2) other attorneys at each defense counsel's law firm who may be

23  consulted regarding case strategy in the above-captioned matter;

24

25  _____

26      [1] On November 6, 2019, Defendant SCM filed a Request for Judicial
   Notice seeking judicial notice of a CNBC news article and memoranda and
   order filed in an unrelated criminal case.  Defendant contends that these

27  documents show deficiencies with the FDA and that information sought to be
   protected by the protective order is already in the public record.

28  Defendant SCM has failed to make the relevance of these documents apparent
   to the Court.  Accordingly, the request for judicial notice is DENIED.

(3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defendants' counsel of record providing assistance on this case, provided that all individuals included in categories (2)-(5) have been advised of their obligations under the Protective Order and have affirmed to defendants' counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendants, their family members or authorized representatives (in the case of the corporate defendants), or any other associates of defendants.

b.   Defendants' counsel of record shall advise all members of their respective defense teams of the defense team members' obligations under the Protective Order and ensure the defense team members' agreement to follow the Protective Order, prior to providing any defense team members with access to Confidential Personnel Materials.

c.   The government is authorized to provide defendants' counsel of record with Confidential Personnel Materials marked with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER" or identified as "CONFIDENTIAL PERSONNEL MATERIALS SUBJECT TO PROTECT ORDER" on the government's discovery log.  If any defendant objects to any such designation, that defendant may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

d.   Each defendant may review Confidential Personnel Materials in this case only in the presence of that defendant's counsel of record or another member of the defense team, and such

person or persons shall ensure that the defendant is never left alone with any Confidential Personnel Materials.  Defendants may see and review Confidential Personnel Materials in the presence of their respective defense teams, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Personnel Materials in this case at any time.  Each defendant must return any Confidential Personnel Materials to the defense team at the conclusion of any meeting at which the defendant is permitted to view the Confidential Personnel Materials.  A defendant may not take any Confidential Personnel Materials out of the room in which the defendant is meeting with the defense team.  Defendants may not write down or memorialize any information contained in the Confidential Personnel Materials.  At the conclusion of any meeting with a defendant, the defense team shall take all Confidential Personnel Materials.  At no time, under no circumstance, shall any Confidential Personnel Materials be left in the possession, custody, or control of a defendant, whether or not that defendant is incarcerated.

e.   The defense teams shall not permit anyone other than the defense teams to have possession of Confidential Personnel Materials, including any defendant himself or any defendant's authorized representatives (in the case of the corporate defendants).

f.   The defense teams shall access and use Confidential Personnel Materials for the sole purpose of preparing for trial or any related proceedings in this case.  A defense team may review Confidential Personnel Materials with a witness or potential witness in this case, including a defendant.  Before being shown any Confidential Personnel Materials, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the

1 requirements of the Protective Order.  No witness or potential

2 witness may retain Confidential Personnel Materials, or any copy

3 thereof, after his or her review of those materials with the defense

4 team is complete.

5         g.   The defense teams shall maintain Confidential

6 Personnel Materials safely and securely, and shall exercise

7 reasonable care in ensuring the confidentiality of those materials by

8 (1) not permitting anyone other than defense team members, and

9 witnesses, potential witnesses, and defendants, as restricted in

10 paragraphs 4(d) and (f), above, to see Confidential Personnel

11 Materials; (2) not divulging to anyone other than the defense teams

12 the contents of Confidential Personnel Materials; and (3) not

13 permitting Confidential Personnel Materials to be outside the defense

14 teams' offices, homes, vehicles, or personal presence.

15         h.   To the extent that notes are made that memorialize, in

16 whole or in part, the information in any Confidential Personnel

17 Materials, or to the extent that copies are made for authorized use

18 by members of the defense teams, such notes, copies, or reproductions

19 become Confidential Personnel Materials subject to the Protective

20 Order and must be handled in accordance with the terms of the

21 Protective Order.

22         i.   The defense teams shall use Confidential Personnel

23 Materials only for the litigation of this matter and for no other

24 purpose.  Litigation of this matter includes any appeal filed by a

25 defendant and any motion filed by a defendant pursuant to 28 U.S.C.

26 § 2255.  In the event that a defendant needs to file Confidential

27 Personnel Materials with the Court or divulge the contents of such

28 materials in court filings, the filing shall be made under seal, with

an application explaining whether the information should be sealed pursuant to the terms of the Protective Order or unsealed because no compelling reason requires the information to be sealed, and whether any party intends to oppose the application.  If the Court rejects the request to file such information under seal, the defendant seeking to file such information shall provide advance written notice to the government to afford the government an opportunity to object or otherwise respond to such intention.  If the government does not object to the proposed filing and the Court grants the request to file the confidential information under seal, the defendant seeking to file such information shall redact, from the version to be filed on the public docket, the references to Confidential Personnel Materials and make all reasonable attempts to limit the divulging of Confidential Personnel Materials.

        j.   Upon the final disposition of this case, any Confidential Personnel Materials shall not be used, in any way, in any other matter, absent a court order.  All Confidential Personnel Materials maintained in the defense teams' files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense teams shall return the Confidential Personnel Materials to the government or certify that the Confidential Personnel Materials have been destroyed, only to the extent that such return to the government or destruction does not violate any professional obligation of defense counsel under the California Rules of Professional Conduct, the California Business and Professions Code, or any other rule of professional responsibility to maintain client files.

k.   In the event that there is a substitution of counsel prior to when such documents must be returned or destroyed, this Protective Order shall be binding on new defense counsel, who then shall (1) become the defense team's custodian of the Confidential Personnel Materials; and (2) upon the conclusion of appellate and post-conviction proceedings, become responsible for returning to the government or certifying the destruction of all Confidential Personnel Materials.

IT IS SO ORDERED.


November 6, 2019
DATE

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE