FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>SURGERY CENTER MANAGEMENT, LLC,<br><br>        Defendant-Appellant. | No. 21-50023<br><br>D.C. No. 2:17-cr-00661-DMG-3<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

      Appellee's motion (Docket Entry No. 6) to unseal its provisionally sealed statement of related cases is granted. The Clerk will file Docket Entry No. 6 on the public docket.

      Appellee's motion to dismiss this case for lack of jurisdiction (Docket Entry No. 3) is granted. *See Mohawk Indus.*, *Inc. v. Carpenter*, 558 U.S. 100, 109-10 (2009) (because post-judgment appeals suffice to remedy the improper disclosure of privileged material, collateral order doctrine does not extend to disclosure orders adverse to attorney-client privilege); *see also United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (joint defense privilege is an extension of attorney-client privilege). Moreover, the jurisdictional rule set forth in *Perlman v. United States,* 247 U.S. 7 (1918), does not confer jurisdiction over this appeal because a

disinterested third party is not involved. *See United States v. Krane*, 625 F.3d 568, 572-73 (9th Cir. 2010). Finally, construing the appeal as a petition for a writ of mandamus, the petition is denied because appellant has not shown that it is entitled to the extraordinary remedy of mandamus relief. *See Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977).

**DISMISSED.**