Michael S. Devereux (State Bar No. 225240)
**WEXFORD LAW**
9171 W<small>ILSHIRE</small> B<small>OULEVARD</small>, S<small>UITE</small> 500
B<small>EVERLY</small> H<small>ILLS</small>, C<small>ALIFORNIA</small> 90210
T<small>ELEPHONE</small>: (424) 444-0883

Attorney for Defendant, SURGERY CENTER MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D.,<br><br>    Defendants. | Case No. CR 17-00661(A)-DMG<br><br>[*Assigned to Hon. Dolly M. Gee, District Court Judge*]<br><br>**NOTICE OF MOTION TO DISMISS BECAUSE OF LOSS AND/OR DESTRUCTION OF EVIDENCE (TROMBETTA /YOUNGBLOOD); DECLARATION OF ASHKAN RAJABI**<br><br>Date:    September 1, 2021<br>Time:   2:30 pm<br>Court:  8C |

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, on September 1, 2021 at 2:30 P.M., or, as soon as this matter may be heard in Courtroom 8C, of this Court, located at 350 West 1st Street, 8th Floor, Los Angeles, California, 90012, Defendant Surgery Center Management ("SCM") by and through his counsel of record, will move and does hereby

move this Court for an order to dismiss the Indictment, based upon the destruction and/or loss of property by CI Charles Klaskey.

This motion will be based on the attached memorandum of points and authorities, declaration of Ashkan Rajabi; any previous exhibits; and all papers filed and records in this action, evidence taken at the hearing on this motion, and argument at that hearing.

## MEET AND CONFER COMPLIANCE

The parties met and conferred regarding the instant motion on August 2, 2021, but were unable to reach an agreement, thus necessitating the instant motion.

Dated: August 4, 2021

By: *Michael Sean Devereux*
Michael Sean Devereux
Attorney for Defendant
SURGERY CENTER MANAGEMENT, LLC

POINTS AND AUTHORITIES

## I. INTRODUCTION

The Constitution requires that criminal defendants be provided with a fair trial, not merely a "good faith" attempt at a fair trial. *See Arizona v. Youngblood* 488 US 51 (1988). Here, the government's star witness and confidential informant at the time thereof, Charles Klaskey, deleted multiple computer files from Surgery Center Management, LLC (SCM), including, but not limited to sleep study files during his last week of employment at SCM. Although it may have been nothing more than prosecutorial ineptitude, the government's conduct through its agent / CI denies the opportunity for SCM to present a full defense. Accordingly, that ineptitude deprives SCM of its guaranteed right to Due Process. *Id.*

## II. FACTS

The government's star witness and confidential informant, Charles Klaskey (CI) had deleted essentially all of the files on SCM's computer on or about June 17, 2016. *See* Declaration of Ashkan Rajabi. The files included those from the desktop, download folder, document folder, and all other folders on SCM's computer. *Id.* The CI deleted bookmarks and favorite websites. *Id.* The CI cleared the

cache from SCM's computer, which includes the internet cookies and history, and deleted the computer's internet browsing history.

In a very sophisticated and exceptional move the CI emptied the recycle bin at least twice which prevented the restoration of any files, and deleted essentially all of the files which related to sleep studies along with correspondence and papers relating to the CI's work with the sleep studies. The nature of the deletions, as shown by the screenshots from the key logger program demonstrated that it was purposefully done with clever sophistication.

### III. THE PROSECUTION HAD A DUTY IN THIS CASE TO PRESERVE THE SLEEP STUDY EVIDENCE OR AT THE VERY LEAST EDUCATE THE CI ON THE DESTRUCTION OF EVIDENCE

Destruction of evidence constitutes a violation of federal due process if the evidence possesses "an exculpatory value that was apparent before the evidence was destroyed and also is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (California v. Trombetta (1984) 467 U.S. 479, 489.) Additionally, a bad faith failure by the police to collect evidence violates federal due process. (Miller v. Vasquez 868 F.2d 1116, 1120 (9th cir. 1989))

Bad faith is shown if the police knew the evidence "could" exonerate the defendant, but nevertheless permitted its destruction.

(Arizona v. Youngblood (1988) 488 U.S. 51, 58.)

Bad faith need not be shown if the defense shows a violation of federal due process under Trombetta. For purposes of demonstrating a due process violation, "the capacity to preserve breath samples is equivalent to the actual possession of samples." (California v. Trombetta, supra, 467 U.S. 479, 488, fn. 7.)

In this case, the CI intentionally and in a sophisticated manner destroyed sleep study records. The sleep study records is evidence that would be expected to play a significant role in SCM's defense. Sleep study records, the basis of this case, definitely possesses an exculpatory value what was obviously apparent before it was destroyed. Moreover, it was of such nature that SCM would be unable to obtain comparable evidence by other reasonable means.

The CI, the government's agent, without a doubt acted in bad faith.[1] In addition, the CI, an elderly individual, learned sophisticated processes in how to delete data in a method to prevent the restoration thereof.

---

[1] To support sanctions for loss or destruction of evidence under Trombetta and Youngblood, the prosecution must have acted in bad faith in destroying the evidence. (Arizona v Youngblood (1988) 488 US 51, 58.)

IV.     CONCLUSION

The appropriate sanction in this case is dismissal. SCM respectfully request that this Court dismiss the instant action because it would be an appropriate sanction. In the alternative, this Court should order sanctions that would ensure a fair trial for SCM such as the exclusion of Charles Klaskey.

Dated: August 4, 2021

By: *Michael Sean Devereux*
Michael Sean Devereux
Attorney for Defendant
SURGERY CENTER MANAGEMENT, LLC