Michael S. Devereux (State Bar No. 225240)
WEXFORD LAW
1880 Century Park East, Suite 1101
Los Angeles, California  90067
Telephone: (424) 444-0883

*Attorneys for Defendant,*
SURGERY CENTER MANAGEMENT, LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00661(A)-DMG |
| Plaintiff, | [*Assigned to Hon. Dolly M. Gee, District Court Judge*] |
| vs. | |
| JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D., | **DECLARATION OF SHAWN PEZESHK RE: SURGERY CENTER MANAGEMENT'S LACK OF FUNDS** |
| Defendants. | |

1

1    I, Shawn Pezeshk, hereby state and declare under penalty of perjury as follows:

2       1.      I am the sole owner of Surgery Center Management, LLC (SCM).  I make this

3    declaration based on my personal knowledge, and if called as a witness I would testify as

4    follows:

5       2.      On February 18, 2018, the government unsealed the Indictment against

6    Surgery Center Management, LLC.  SCM retained the services of George Paukert to

7    represent it.  However, SCM had no assets available to it at that time which to pay for

8    Mr. Paukert's representation.

9       3.      Surgery Center Management had an insurance policy with Property Care

10   Insurance and had paid more than $4,000,000 in premium payments to Property Care

11   under that policy.  SCM made a formal claim to PCI, seeking indemnification for all

12   defense fees incurred in the above-captioned action.  (See Ex. A (April 25, 2019 Demand

13   Ltr to PCI).  PCI agreed to defend SCM in this case on May 23, 2019. (Exh. B).

14

15      4.      Property Care has agreed to defend SCM in this matter, but, it had no funds

16   with which to pay for SCM's defense because Property Care's assets were seized by the

17   Government in 2014.

18      4.      Because PCI was not satisfying its obligations to SCM under the insurance

19   policy Cindy Omidi and her companies voluntarily paid the fees for SCM's representation.

20   Mrs. Omidi paid approximately $20,000 to Mr. Paukert.  Since Mr. Michael Devereax

21   became Surgery Center Management's attorney in May 2020, Mrs. Omidi has paid him

22   approximately $7,000 a month to represent SCM.  However, my understanding is that

23   Mrs. Omidi is no longer willing to continue funding SCM's defense, given the increased

24   expenditures associated with the upcoming trial.

25      5.      SCM has no other assets that it can use to pay for counsel to represent it

26   and its best interests at trial.

27

28

1   I declare under penalty of perjury under the laws of the United States the

2   foregoing is true and correct.  Executed this 3d day of August, 2021, at Los Angeles,

3   California.

4

5   _____

6   Shawn Pezeshk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A"

Law Offices of
# GEORGE J. PAUKERT
44376 Hazel Canyon Lane
Palm Desert, California 92260
(310) 826-0180
paukburt@aol.com

April 25, 2019

Ms. Cindy Omidi
President. Property Care insurance, Inc.
269 South Beverly Blvd., Suite 1409
Beverly Hills, CA 90212

    Re:    United States v. Approximately $107,539,442.29 in Funds and Securities, US
           District Court, Central District of California, Case No. 18 CV 3855,

           United States v. Julian Omidi, US District Court, Central District of California
           Case No. 17 CR 00661

Dear Ms. Omidi:

    We represent Surgery Center Management, LLC., and Independent Medical Services, Inc, in connection with the above-indicated legal proceedings. Surgery Center Management and Independent Medical Services are the insureds under a Policy of Liability Insurance which was issued by Property Care Insurance on December 31, 2009, bearing Policy No. PCI/MP/009(G), covering various events and hazards, casualties, and third party liabilities for the period December 31, 2009, through December 31, 2014, which are the subject of the above-indicated legal proceedings. Surgery Center Management and Independent Medical Services became aware of these claims on March 18, 2018, and May 8, 2018, respectively, and have previously notified you, and provided copies of these complaints.

    Surgery Center Management and Independent Medical Services, jointly and severally, hereby make the following claims for coverage under the above-indicated Policy. Surgery Center Management and Independent Medical Services demand your defense and indemnification for all claims, causes of action, losses, injuries, damages, good faith settlements, attorney's fees, and defense costs for these proceedings. We have undertaken the defense of these insureds, and while the clients may retain additional and other attorneys, we demand that Property Care Insurance pay all defense costs, expert witnesses, investigator costs, and other legal expenses involved in the defense of these proceedings.

    Please notify me of your acceptance of the defense and indemnification of the above-indicated insureds and clients.

Very truly yours,

George J. Paukert

Exhibit "B"

# Property Care Insurance, Inc.

269 South Beverly Boulevard
Suite 1309
Beverly Hills, California 90212

May 23, 2019

Mr. George Paukert
44376 Hazel Canyon Lane
Palm Desert, California 92260

> Re:   Reservation of Rights Letter
> Surgery Center Management, LLC.
> Independent Medical Services, Inc.
> Property Care Insurance Policy No. PCI//MP/009/(G)
> Claim dated April 25, 2019

Dear Mr. Paukert:

We are in receipt of your letter of April 25, 2019, demanding defense and indemnification of the following legal proceedings on behalf of Surgery Center Management, LLC., and Independent Medical Services, Inc., pursuant to Property Care insurance Policy No. PCI//MP/009/(G): *United States v. Julian Omidi*, US District Court, Central District of California, Case No. 17 CR 00661, and in the case of *United States v. Approximately $107,539,442.29 in Funds and Securities*, US District Court, Central District of California, Case No. 18 CV 3855. We have read and considered your claim, and we have made a full due diligence investigation of the nature of each of these legal proceedings, along with the persons, events, and facts involved in the claims made in these proceedings. While our investigation and determination of these matters is continuing, we hereby make the following declaration of rights, reservations, and entitlements to your clients Surgery Center Management, LLC., and Independent Medical Services, Inc., regarding the insurance coverage of these proceedings.

The policy question for which you have sought defense and indemnification of losses are claims of negligence, willful misconduct, and intentional violation of the law in connection with 17 CR 00661 and 18 CV 3955 cases. The willful and intentional portion of each of these claims cannot be indemnified against pursuant to Insurance Code section 533, which prohibits insurance coverage for willful, malicious, intentional, or criminal acts of the insured. However, the negligence or unintentional portions of the 17 CR 00661 and 18 CV 3855 cases would be covered by the Policy.

We understand that the liability, truth, and accuracy of the claims made in the 17 CR 00661 and 18 CR 3855 cases has not been determined. Under the Policy, we cannot and will not assume any of the facts, claims, or allegations in these legal proceedings are true or accurate. We only acknowledge Property Care Insurance's obligations to defend your clients under the policy regardless of the nature of the wilfulness of the claims in these

Mr George Paukert
May 23, 2019
Page 2

legal proceedings until a final determination has been made of the nature, willfulness, or criminality of the conduct involved.

This Reservation of Rights Letter does not constitute a denial of the claim you have made. Rather, it is notification to you that we reserve the right to deny the claims based on further developments and new information which may come to our knowledge in the future through our continuing investigation of these matters. We hereby notify you that while we will not waive our legal rights to deny coverage later in time, we will cover and pay for defense costs based on the terms and provisions of this Reservation of Rights Letter. Under our Reservation of Rights we will exclude any willful, intentional, or criminal conduct on the part of the insureds as made in a final determination by the courts in the 17 CR 00661 and 18 CR 3855 cases

We hereby further notify you that substantially all of Property Care Insurance's funds, assets, and reserves were seized by the federal government on June 4, 2014 and June 19, 2014, as set forth in the above-entitled legal proceedings. Property Care Insurance does not have the means, assets, or funds available to provide you with your costs of defense. Our inability to provide such coverage and costs does not constitute a denial of your claim, nor should it be interpreted as a waiver of your clients' or our future rights regarding this Policy.

Attached to this Reservation of Rights Letter is the Declaration of Cindy Omidi, President of Property Care Insurance, whereby Property Care Insurance acknowledges its obligations to defend your clients with defense costs. We have assigned, transferred, and conveyed to you the right to pursue, receive, and secure funds belonging to Property Care Insurance which are held by the federal government, and we have authorized you to pursue that assignment, conveyance, and transfer in your name or in the name of Property Care Insurance.

Because we have made the above-indicated transfer, assignment, and conveyance to your clients of Property Care Insurance's right to obtain the funds now held by the federal government, we will not assert against you now or in the future any claims for the running of the statute of lamentations, failure to file a claim, failure to file a legal proceeding, or latches. In return your clients agree that they will not file legal proceedings against Property Care Insurance to enforce your clients' legal rights to defense or indemnity under the Policy until the above-referenced legal proceedings are resolved. Your clients and Property Care Insurance will forbear from taking any action against one another based on

Mr George Paukert
May 23, 2019
Page 3

the assignment, conveyance, and transfer of rights, and the forbearance agreement
contained in this Letter.

Very truly yours,

Cindy Omidi

AGREED AND ACCEPTED
Independent Medical Services, Inc.
Surgery Center Management, LLC.


By: _____

Jamie Hidalgo
Manager, CEO, and Authorized Agent