Michael S. Devereux (State Bar No. 225240)
WEXFORD LAW
1880 Century Park East, Suite 1101
Los Angeles, California  90067
Telephone: (424) 444-0883
*Attorneys for Defendant,*
SUGERY CENTER MANAGEMENT, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 17-661-DMG |
| *Plaintiff*, | **DEFENDANT SURGERY CENTER MANAGEMENT LLC.'S *EX PARTE* MOTION TO SUBSTITUTE EXHIBTS FILED WITH MOTION FOR RETURN OF PROPERTY FOR ATTORNEYS' FEES (ECF NO. 1158) AND FILE CERTAIN EXHIBITS UNDER SEAL;** |
| *vs*. | |
| SURGERY CENTER MANAGEMENT, LLC. *et al.*, | |
| *Defendants*. | |

44716405.1

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, Defendant Surgery Center Mangement LLC, by and through his counsel of record, hereby requests *ex parte* an order from the Court permitting the filing of the following documents under seal, which are all exhibits to his contemporaneously-filed Motion For Return of Property (the "Motion") Dkt. 1158): Compendium of Exhibits 1-121. SCM also hereby requests that the Court disregard the Declaration of Cindy Omidi (ECF No. 1158-1) and Exhibit 1 (ECF No. 1158-2) attached to the Motion and instead accept the attached Declaration of Cindy Omidi and Declaration of Shawn Pezeshk as the proper exhibits to the Motion, along with the Declaration of Michael Devereaux, which was filed with the Motion.

Dated:  August 3, 2021                    WEXFORD LAW,


                                     **Michael S. Devereux**
                                       Michael S. Devereux
                                       Attorney for Defendant
                                 SURGERY CENTER MANAGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

United States of America,

                   Plaintiff,

     v.

Julian Omidi, *et al.*,

                 Defendants.

Case No. CR No. 17-00661 (A) – DMG

**[PROPOSED] ORDER TO FILE UNDER SEAL CERTAIN EXHIBITS TO SURGERY CENTER MANAGEMENT LLC.'S MOTION FOR RETURN OF PROPERTY FOR ATTORNEYS' FEES**

Courtroom of the Hon. Dolly M. Gee

44715902.1

Having considered Defendant Surgery Center Management LLC.'s unopposed *ex parte* application to file under seal certain exhibits to Surgery Center Management LLC.'s Motion for Return of Property for Attorneys' Fees (the "Application"), and for good cause and compelling reasons shown, IT IS HEREBY ORDERED THAT the Application is **GRANTED**, and Compendium of Exhibits 1-121 shall be filed **under seal**.

IT IS SO ORDERED.

Dated: _____

_____

HONORABLE DOLLY M. GEE
UNITED  STATES DISTRICT COURT JUDGE

1 | Michael S. Devereux (State Bar No. 225240)
2 | WEXFORD LAW
   | 1880 Century Park East, Suite 1101
3 | Los Angeles, California 90067
4 | Telephone: (424) 444-0883

5 | *Attorneys for Defendant,*
6 | SURGERY CENTER MANAGEMENT, LLC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

| UNITED STATES OF AMERICA, | Case No. CR 17-00661(A)-DMG |
|---|---|
| Plaintiff, | [*Assigned to Hon. Dolly M. Gee, District Court Judge*] |
| vs. | **DECLARATION OF CINDY OMIDI** |
| JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D., | |
| Defendants. | |

1

1

2      I, Cindy Omidi, hereby state and declare under penalty of perjury as follows:

3
       1. I am a resident of the County of Los Angeles, State of California, and I am the
4
       President of Property Care Insurance, Inc.
5

6      2. On February 18, 2018, the government unsealed the Indictment against Surgery

7      Center Management, LLC. SCM retained the services of George Paukert to represent it.

8      However, I understand that SCM had no appreciable funds to pay Mr. Paukert and

9      because of the lack of funds I volunteered to assist in paying for its attorney.

10

11     3. Surgery Center Management had an insurance policy with Property Care

12     Insurance and had paid more than $4,000,000 in premium payments to Property Care

13     under that policy. Property Care has agreed to defend SCM in this matter, only it has no

14     funds with which to pay for SCM's defense because Property Care's assets were seized by

15     the Government in 2014. (See Exhibit "A," 5-25-19 Letter re: Reservation of Rights from

16     Property Care to SCM). Except for the seizure of funds by the government, Property Care

17     would have made payments to SCM for its defense in this case under the contracts and

18     agreements which SCM and Property Care made between them.

19

20     4. In addition, pursuant to the May 25, 2019, Letter re: Reservation of Rights from

21     Property Care to SCM, Property Care assigned to SCM the rights to receive such funds:

22         "Attached to this Reservation of Rights Letter is the Declaration of Cindy
23         Omidi, President of Property Care Insurance, whereby Property Care Insurance
24         acknowledges its obligations to defend your clients with defense costs. We have
25         assigned, transferred, and conveyed to you the right to pursue, receive, and secure
           funds belonging to Property Care Insurance which are held by the federal
26         government, and we have authorized you to pursue that assignment, conveyance,
27         and transfer in your name or in the name of Property Care Insurance." (Exhibit
28         "A," 5-25-19 Letter re: Reservation of Rights from Property Care to SCM, p. 2 ¶ 4).

                                        - 2 -

1

2    5. Because Property Care had no funds with which to make payment to SCM, on

3    behalf of SCM, I or my companies paid Mr. Paukert approximately $20,000 in four

4    separate payments of $5,000 each as attorney's fees to represent Surgery Center

5    Management as its attorney. When Attorney Michael Devereau became Surgery Center

6    Management's attorney in May 2020, I or my companies have paid Mr. Devereau on

7    behalf of SCM approximately $7,000 a month to represent Surgery Center Management.

8    I, as an individual, no longer have the interest or willingness to expend my own funds to

9    pay for SCM's defense, which, as trial approaches will be growing significantly more

10   expensive, especially since I understand that this will be a three month trial.

11

12   6. To date, the amount that I have been willing to fund for SCM's defense has

13   allotted approximately nine (9) hours of work, labor, and services each month to defend

14   SCM. It seems to be impossible that Mr. Deveraux will be able to participate

15   meaningfully in pretrial motions, evidentiary motions, pretrial conferences, and three

16   months of daily trial without far more funding. As I understand it, the amount of the

17   payment has been and is now insufficient to review the tens of millions of pages of

18   discovery, interview witnesses, retain any experts or even obtain a discovery computer

19   server or platform.

20

21   7. Mr. Omidi's counsel has submitted extensive documentation that in excess of

22   $18 million is necessary to defend his portion of the case alone. The Government has

23   released $10 million to Mr. Omidi so far for his defense but has refused to release any

24   funds to SCM. Funds must also be released to SCM so that it can exercise its Sixth

25   Amendment right to counsel. The Government should not play favorites with the

26   Defendants, and at a minimum, $10 million should be released to SCM so that SCM can

27   properly defend itself

28

- 3 -

8. SCM paid millions of dollars in insurance premiums to Property Care, and it is has a direct interest in receiving insurance benefits that are due to it to defend this case. SCM is entitled to the return of its premiums it provided Property Care Insurance under its agreements with SCM for purposes of defense in this case. The government's seizure of the entirety of Property Care's funds has made Property Care defunct as an insurance company and has prevented Property Care from fulfilling its obligations and duties to defend SCM in this case.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Executed this 3d day of August, 2021, at Los Angeles, California.

Cindy Omidi

Exhibit "A"

# Property Care Insurance, Inc.

269 South Beverly Boulevard
Suite 1309
Beverly Hills, California 90212

May 23, 2019

Mr. George Paukert
44376 Hazel Canyon Lane
Palm Desert, California 92260

> Re:  Reservation of Rights Letter
> Surgery Center Management, LLC.
> Independent Medical Services, Inc.
> Property Care Insurance Policy No. PCI//MP/009/(G)
> Claim dated April 25, 2019

Dear Mr. Paukert:

We are in receipt of your letter of April 25, 2019, demanding defense and indemnification of the following legal proceedings on behalf of Surgery Center Management, LLC., and Independent Medical Services, Inc., pursuant to Property Care insurance Policy No. PCI//MP/009/(G): *United States v. Julian Omidi*, US District Court, Central District of California, Case No. 17 CR 00661, and in the case of *United States v. Approximately $107,539,442.29 in Funds and Securities*, US District Court, Central District of California, Case No. 18 CV 3855. We have read and considered your claim, and we have made a full due diligence investigation of the nature of each of these legal proceedings, along with the persons, events, and facts involved in the claims made in these proceedings. While our investigation and determination of these matters is continuing, we hereby make the following declaration of rights, reservations, and entitlements to your clients Surgery Center Management, LLC., and Independent Medical Services, Inc., regarding the insurance coverage of these proceedings.

The policy question for which you have sought defense and indemnification of losses are claims of negligence, willful misconduct, and intentional violation of the law in connection with 17 CR 00661 and18 CV 3955 cases. The willful and intentional portion of each of these claims cannot be indemnified against pursuant to Insurance Code section 533, which prohibits insurance coverage for willful, malicious, intentional, or criminal acts of the insured. However, the negligence or unintentional portions of the 17 CR 00661 and 18 CV 3855 cases would be covered by the Policy.

We understand that the liability, truth, and accuracy of the claims made in the 17 CR 00661 and 18 CR 3855 cases has not been determined. Under the Policy, we cannot and will not assume any of the facts, claims, or allegations in these legal proceedings are true or accurate. We only acknowledge Property Care Insurance's obligations to defend your clients under the policy regardless of the nature of the wilfulness of the claims in these

Mr George Paukert
May 23, 2019
Page 2


legal proceedings until a final determination has been made of the nature, willfulness, or criminality of the conduct involved.

This Reservation of Rights Letter does not constitute a denial of the claim you have made. Rather, it is notification to you that we reserve the right to deny the claims based on further developments and new information which may come to our knowledge in the future through our continuing investigation of these matters. We hereby notify you that while we will not waive our legal rights to deny coverage later in time, we will cover and pay for defense costs based on the terms and provisions of this Reservation of Rights Letter. Under our Reservation of Rights we will exclude any willful, intentional, or criminal conduct on the part of the insureds as made in a final determination by the courts in the 17 CR 00661 and 18 CR 3855 cases

We hereby further notify you that substantially all of Property Care Insurance's funds, assets, and reserves were seized by the federal government on June 4, 2014 and June 19, 2014, as set forth in the above-entitled legal proceedings. Property Care Insurance does not have the means, assets, or funds available to provide you with your costs of defense. Our inability to provide such coverage and costs does not constitute a denial of your claim, nor should it be interpreted as a waiver of your clients' or our future rights regarding this Policy.

Attached to this Reservation of Rights Letter is the Declaration of Cindy Omidi, President of Property Care Insurance, whereby Property Care Insurance acknowledges its obligations to defend your clients with defense costs. We have assigned, transferred, and conveyed to you the right to pursue, receive, and secure funds belonging to Property Care Insurance which are held by the federal government, and we have authorized you to pursue that assignment, conveyance, and transfer in your name or in the name of Property Care Insurance.

Because we have made the above-indicated transfer, assignment, and conveyance to your clients of Property Care Insurance's right to obtain the funds now held by the federal government, we will not assert against you now or in the future any claims for the running of the statute of lamentations, failure to file a claim, failure to file a legal proceeding, or latches. In return your clients agree that they will not file legal proceedings against Property Care Insurance to enforce your clients' legal rights to defense or indemnity under the Policy until the above-referenced legal proceedings are resolved. Your clients and Property Care Insurance will forbear from taking any action against one another based on

Mr George Paukert
May 23, 2019
Page 3


the assignment, conveyance, and transfer of rights, and the forbearance agreement
contained in this Letter.

Very truly yours,

Cindy Omidi

AGREED AND ACCEPTED
Independent Medical Services, Inc.
Surgery Center Management, LLC.


By: _____

         Jamie Hidalgo
         Manager, CEO, and Authorized Agent

1 | Michael S. Devereux (State Bar No. 225240)
2 | WEXFORD LAW
1880 Century Park East, Suite 1101
3 | Los Angeles, California 90067
4 | Telephone: (424) 444-0883

5 | *Attorneys for Defendant,*
6 | SURGERY CENTER MANAGEMENT, LLC.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES OF AMERICA,                      Case No. CR 17-00661(A)-DMG

12

13

14 |                         Plaintiff,             *[Assigned to Hon. Dolly M. Gee, District Court Judge]*

15

16 | vs.

17 |                                                **DECLARATION OF SHAWN PEZESHK RE: SURGERY CENTER MANAGEMENT'S**
18 |                                                **LACK OF FUNDS**
19 | JULIAN OMIDI, INDEPENDENT MEDICAL
SERVICES INC., a professional
20 | corporation, SURGERY CENTER
21 | MANAGEMENT, LLC, and MIRALI
22 | ZARABI, M.D.,

23

24 |                         Defendants.
25

26

27

28 |                                    1

1

I, Shawn Pezeshk, hereby state and declare under penalty of perjury as follows:

2

   1.   I am the sole owner of Surgery Center Management, LLC (SCM). I make this

3

declaration based on my personal knowledge, and if called as a witness I would testify as

4

follows:

5

   2.   On February 18, 2018, the government unsealed the Indictment against

6

Surgery Center Management, LLC.  SCM retained the services of George Paukert to

7

represent it.  However, SCM had no assets available to it at that time which to pay for

8

Mr. Paukert's representation.

9

   3.   Surgery Center Management had an insurance policy with Property Care

10

Insurance and had paid more than $4,000,000 in premium payments to Property Care

11

under that policy.  SCM made a formal claim to PCI, seeking indemnification for all

12

defense fees incurred in the above-captioned action. (See Ex. A (April 25, 2019 Demand

13

14

Ltr to PCI).  PCI agreed to defend SCM in this case on May 23, 2019. (Exh. B).

15

   4.   Property Care has agreed to defend SCM in this matter, but, it had no funds

16

with which to pay for SCM's defense because Property Care's assets were seized by the

17

Government in 2014.

18

   4.   Because PCI was not satisfying its obligations to SCM under the insurance

19

policy Cindy Omidi and her companies voluntarily paid the fees for SCM's representation.

20

Mrs. Omidi paid approximately $20,000 to Mr. Paukert.  Since Mr. Michael Devereax

21

became Surgery Center Management's attorney in May 2020, Mrs. Omidi has paid him

22

approximately $7,000 a month to represent SCM.  However, my understanding is that

23

Mrs. Omidi is no longer willing to continue funding SCM's defense, given the increased

24

expenditures associated with the upcoming trial.

25

   5.   SCM has no other assets that it can use to pay for counsel to represent it

26

and its best interests at trial.

27

28

1    I declare under penalty of perjury under the laws of the United States the

2  foregoing is true and correct. Executed this 3d day of August, 2021, at Los Angeles,

3  California.

4

5

6                              Shawn Pezeshk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A"

Law Offices of

# GEORGE J. PAUKERT

44376 Hazel Canyon Lane
Palm Desert, California 92260
(310) 826-0180
paukburt@aol.com

April 25, 2019

Ms. Cindy Omidi
President. Property Care insurance, Inc.
269 South Beverly Blvd., Suite 1409
Beverly Hills, CA 90212

Re:     United States v. Approximately $107,539,442.29 in Funds and Securities, US
        District Court, Central District of California, Case No. 18 CV 3855,

        United States v. Julian Omidi, US District Court, Central District of California
        Case No. 17 CR 00661

Dear Ms. Omidi:

We represent Surgery Center Management, LLC., and Independent Medical Services, Inc, in connection with the above-indicated legal proceedings. Surgery Center Management and Independent Medical Services are the insureds under a Policy of Liability Insurance which was issued by Property Care Insurance on December 31, 2009, bearing Policy No. PCI/MP/009(G), covering various events and hazards, casualties, and third party liabilities for the period December 31, 2009, through December 31, 2014, which are the subject of the above-indicated legal proceedings. Surgery Center Management and Independent Medical Services became aware of these claims on March 18, 2018, and May 8, 2018, respectively, and have previously notified you, and provided copies of these complaints.

Surgery Center Management and Independent Medical Services, jointly and severally, hereby make the following claims for coverage under the above-indicated Policy. Surgery Center Management and Independent Medical Services demand your defense and indemnification for all claims, causes of action, losses, injuries, damages, good faith settlements, attorney's fees, and defense costs for these proceedings. We have undertaken the defense of these insureds, and while the clients may retain additional and other attorneys, we demand that Property Care Insurance pay all defense costs, expert witnesses, investigator costs, and other legal expenses involved in the defense of these proceedings.

Please notify me of your acceptance of the defense and indemnification of the above-indicated insureds and clients.

Very truly yours,

George J. Paukert

Exhibit "B"

# Property Care Insurance, Inc.

269 South Beverly Boulevard
Suite 1309
Beverly Hills, California 90212

May 23, 2019

Mr. George Paukert
44376 Hazel Canyon Lane
Palm Desert, California 92260

> Re: Reservation of Rights Letter
> Surgery Center Management, LLC.
> Independent Medical Services, Inc.
> Property Care Insurance Policy No. PCI//MP/009/(G)
> Claim dated April 25, 2019

Dear Mr. Paukert:

We are in receipt of your letter of April 25, 2019, demanding defense and indemnification of the following legal proceedings on behalf of Surgery Center Management, LLC., and Independent Medical Services, Inc., pursuant to Property Care insurance Policy No. PCI//MP/009/(G): *United States v. Julian Omidi*, US District Court, Central District of California, Case No. 17 CR 00661, and in the case of *United States v. Approximately $107,539,442.29 in Funds and Securities*, US District Court, Central District of California, Case No. 18 CV 3855. We have read and considered your claim, and we have made a full due diligence investigation of the nature of each of these legal proceedings, along with the persons, events, and facts involved in the claims made in these proceedings. While our investigation and determination of these matters is continuing, we hereby make the following declaration of rights, reservations, and entitlements to your clients Surgery Center Management, LLC., and Independent Medical Services, Inc., regarding the insurance coverage of these proceedings.

The policy question for which you have sought defense and indemnification of losses are claims of negligence, willful misconduct, and intentional violation of the law in connection with 17 CR 00661 and18 CV 3955 cases. The willful and intentional portion of each of these claims cannot be indemnified against pursuant to Insurance Code section 533, which prohibits insurance coverage for willful, malicious, intentional, or criminal acts of the insured. However, the negligence or unintentional portions of the 17 CR 00661 and 18 CV 3855 cases would be covered by the Policy.

We understand that the liability, truth, and accuracy of the claims made in the 17 CR 00661 and 18 CR 3855 cases has not been determined. Under the Policy, we cannot and will not assume any of the facts, claims, or allegations in these legal proceedings are true or accurate. We only acknowledge Property Care Insurance's obligations to defend your clients under the policy regardless of the nature of the wilfulness of the claims in these

Mr George Paukert
May 23, 2019
Page 2


legal proceedings until a final determination has been made of the nature, willfulness, or criminality of the conduct involved.

This Reservation of Rights Letter does not constitute a denial of the claim you have made. Rather, it is notification to you that we reserve the right to deny the claims based on further developments and new information which may come to our knowledge in the future through our continuing investigation of these matters. We hereby notify you that while we will not waive our legal rights to deny coverage later in time, we will cover and pay for defense costs based on the terms and provisions of this Reservation of Rights Letter. Under our Reservation of Rights we will exclude any willful, intentional, or criminal conduct on the part of the insureds as made in a final determination by the courts in the 17 CR 00661 and 18 CR 3855 cases

We hereby further notify you that substantially all of Property Care Insurance's funds, assets, and reserves were seized by the federal government on June 4, 2014 and June 19, 2014, as set forth in the above-entitled legal proceedings. Property Care Insurance does not have the means, assets, or funds available to provide you with your costs of defense. Our inability to provide such coverage and costs does not constitute a denial of your claim, nor should it be interpreted as a waiver of your clients' or our future rights regarding this Policy.

Attached to this Reservation of Rights Letter is the Declaration of Cindy Omidi, President of Property Care Insurance, whereby Property Care Insurance acknowledges its obligations to defend your clients with defense costs. We have assigned, transferred, and conveyed to you the right to pursue, receive, and secure funds belonging to Property Care Insurance which are held by the federal government, and we have authorized you to pursue that assignment, conveyance, and transfer in your name or in the name of Property Care Insurance.

Because we have made the above-indicated transfer, assignment, and conveyance to your clients of Property Care Insurance's right to obtain the funds now held by the federal government, we will not assert against you now or in the future any claims for the running of the statute of lamentations, failure to file a claim, failure to file a legal proceeding, or latches. In return your clients agree that they will not file legal proceedings against Property Care Insurance to enforce your clients' legal rights to defense or indemnity under the Policy until the above-referenced legal proceedings are resolved. Your clients and Property Care Insurance will forbear from taking any action against one another based on

Mr George Paukert
May 23, 2019
Page 3


the assignment, conveyance, and transfer of rights, and the forbearance agreement
contained in this Letter.

Very truly yours,

Cindy Omidi


    AGREED AND ACCEPTED
    Independent Medical Services, Inc.
    Surgery Center Management, LLC.


By: _____

    Jamie Hidalgo
    Manager, CEO, and Authorized Agent

Michael S. Devereux (SBN 225240)
WEXFORD LAW
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (424) 444-0883

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | CR No. 17-00661 (A) - DMG |
| v. | |
| Julian Omidi, et al. | **NOTICE OF MANUAL FILING** |
| DEFENDANT(S). | **OR LODGING** |

PLEASE TAKE NOTICE:

Pursuant to Local Rule 5-4.2, the following document(s) or item(s) are exempt from electronic filing, and will therefore be manually ☑ Filed ☐ Lodged: (**List Documents**)

Compendium of Exhibits 1-121

**Reason:**

☑ Under Seal

☐ In Camera

☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐ Per Court order dated: _____

☐ Other:

08/03/2021
Date

Michael S. Devereux
Attorney Name

Surgery Center Management, LLC
Party Represented

*Note:   File one Notice of Manual Filing or Lodging in each case, each time you manually submit a document(s).*