ELON BERK, ESQ. (SBN 209642)
GUROVICH, BERK & ASSOC.
15250 Ventura Blvd., Suite 1220
Sherman Oaks, CA 91403
Tel: 818-205-1555
Email: eberk@crimlawla.com

Attorneys for Defendant,
Surgery Center Management, LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SURGERY CENTER MANAGEMENT, et. al.<br><br>Defendants. | Case No. 17 CR 00661-DMG<br><br>[*Hon. Dolly M. Gee, District Court Judge*]<br><br>**REPLY IN SUPPORT OF SURGERY CENTER MANAGEMENT'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL (ECF 1678)**<br><br>Dept.: Courtroom 8C<br>Location: 350 West 1st Street, 8th Floor<br>Los Angeles, CA 90012 |

A. **The Government Fails To Address That Its Vague and Conclusory One Line Declaration Is Insufficient Under Ninth Circuit Law**

The Government fails to address its single line vague and conclusory claim is insufficient, which does not meet the standard set forth in *Papa v. United States*, 281 F.3d 1004 (9th Cir. 2002), where the Ninth Circuit reversed the district court's denial of discovery due to the issue being "moot" because the government's affidavits opposing discovery were "neither" "relatively detailed" nor "nonconclusory," "cited nothing in the record certifying that all the records in existence that must be produced have been produced," and "do not detail the methods used to search for documents and never state that all documents have been produced." *Id*. at 1013 (Motion at 1-2). This by itself warrants reconsideration. *Dist. No. lJ, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993).

B. **The Government Fails to Address The Order And Misunderstands The Correct Burden**

The Order specifically denying discovery states "the discovery sought by Defendant Omidi does not appear to meet the standard for materiality nor *does it appear likely to have affected the outcome of the trial*." Order at 4 (emphasis added) citing to *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986) with contains the same "would have been likely to affect outcome of trial" language. *Id*. The Government's opposition does not address this fact. SCM submits to this Court that the issue of materiality, should be viewed as whether the *judgment* of the jury – i.e., their reasoning in reaching a verdict – could have been affected, so that confidence in the verdict has been undermined. *See Browning v. Baker*, 875 F.3d 444, 470 (9th Cir. 2017) ("Even if the jury—armed with all of this new evidence—*could* have voted to convict [Browning], we have no confidence that it *would* have done so." (alteration in original)). The Supreme Court has explained,

> To establish that the letter was "material" (and thus to prevail in the state courts), McGee had to show only that the letter would "'undermine confidence' in the verdict," not that he would have been acquitted with it. *Ibid*. That is, he had to show a "' "reasonable likelihood" '" that the letter "could have ' "affected

the judgment of the jury." '" *Ibid.*; see also *Kyles*, 514 U. S., at 434-435, 115 S. Ct. 1555, 131 L. Ed. 2d 490.

*McGee v. McFadden*, 139 S. Ct. 2608, 2609 (2019).

      The Court's not "likely to have affected the outcome of the trial" is not in line with recent 9th Circuit decisions. Defendant must show only that the new evidence is sufficient to 'undermine confidence' in the verdict." *Wearry v. Cain*, 577 U.S. 385, 392 (2016) (citation omitted). "[A] defendant can prevail under *Brady* <u>even if 'the undisclosed information may not have affected the jury's verdict</u>.' " *United States v. Obagi*, 965 F.3d 993, 997 (9th Cir. 2020) (quoting *Wearry*, 577 U.S. at 392 n.6 (emphasis added)). "Evidence is material—and therefore requires reversal—when there is '<u>any reasonable likelihood</u> that it could have affected the judgment of the jury.' " *Id*. (quoting *Wearry*, 577 U.S. at 392) (emphasis added). Thus, reconsideration is warranted.

      Respectfully Submitted,

Dated: March 24, 2022                          By: <u>/s/ Elon Berk, Esq.</u>
                                                               Attorney for Defendant,
                                                               Surgery Center Management, LLC.

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action, employed and a resident of California. My business address is 15250 Ventura Blvd., Suite 1220, Sherman Oaks, CA 91403, I served the following document described as:

**RELY IN SUPPORT OF SURGERY CENTER MANAGEMENT'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL (ECF 1678)**

Upon the interested parties in this action as follows:

    ___X___ By the Court's ECF.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2022.

                                              By: /s/ Elon Berk, Esq.
                                                    Elon Berk