UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **1** of 2

| Case No. | CR 17-661(A)-DMG | Date | March 29, 2022 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| (3) Surgery Center Management, LLC | N/A | | | Elon Berk | N/A | | x |

**Proceedings:** **[IN CHAMBERS] ORDER RE DEFENDANT SURGERY CENTER MANAGEMENT LLC'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT JULIAN OMIDI'S MOTION TO COMPEL DISCOVERY AND TO HOLD EVIDENTIARY HEARING AND *EX PARTE* APPLICATION TO CONTINUE POST-TRIAL MOTION DEADLINE [1680, 1684]**

## I.  INTRODUCTION

On March 25, 2022, Defendant Surgery Center Management, LLC ("SCM") filed an *ex parte* application for reconsideration of the Court's March 21, 2022 Order [Doc. # 1678] denying Defendant Julian Omidi's motion to compel discovery and to hold an evidentiary hearing. [Doc. # 1680.] Defendant Omidi joined in the application. [Doc. # 1681.] The Government filed its opposition on March 28, 2022 [Doc. # 1682] and SCM filed a reply, without leave of Court, on March 28, 2022 [Doc. # 1683]. On March 28, 2022, SCM filed a separate *ex parte* application to continue its post-trial motion deadline in light of his recent substitution into the case. [Doc. # 1684.] On March 29, 2022, the Government filed an opposition. [Doc. # 1685.] Having considered the parties' written submissions, the Court **DENIES** Defendant SCM's *ex parte* application for reconsideration and **GRANTS** SCM's *ex parte* application for a brief continuance of its post-trial motion deadline for the reasons set forth below.

## II.  DISCUSSION

Determination of a party's motion for reconsideration rests within the Court's discretion. *See United States v. Brobst*, 558 F.3d 982, 994 (9th Cir. 2009); *see also United States v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994). Under this Court's Local Rules, the Court cannot reconsider a previous ruling unless the party requesting reconsideration meets the following standard:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **2** of **2**

facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion . . . .

C.D. Cal. Local Rule 7-18; *see also* C.D. Cal. Local Crim. Rule 57-1 (applying Local Civil Rules to criminal proceedings unless otherwise specified); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration is not a vehicle to reargue the motion, present arguments which could reasonably have been raised earlier, or present evidence which should have been raised before). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citation omitted).

Defendant SCM's *ex parte* application fails to meet the aforementioned standard for reconsideration and, for that reason alone, must be denied. SCM's application simply rehashes arguments considered, and rejected, by this Court when reviewing the parties' briefs with respect to Defendant Omidi's initial motion to compel.

### IV.   CONCLUSION

For the reasons set forth above, Defendant SCM's *ex parte* application for reconsideration is **DENIED**. Given that SCM's counsel recently substituted in as counsel of record [*see* Doc. # 1676], the Court **GRANTS** SCM's *ex parte* application for a brief extension of the post-trial motion deadline to **April 11, 2022**. Defendant Omidi's post-trial motion deadline remains March 30, 2022. The Government's opposition shall be due within two weeks of the filing of any post-trial motions.

IT IS SO ORDERED.