ELON BERK, ESQ. (SBN 209642)
GUROVICH, BERK & ASSOC.
15250 Ventura Blvd., Suite 1220
Sherman Oaks, CA 91403
Tel: 818-205-1555
Email: eberk@crimlawla.com

Attorneys for Defendant,
Surgery Center Management, LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SURGERY CENTER MANAGEMENT,<br>et. al.<br>　　　　　Defendants. | Case No. 17-CR-00661-DMG<br><br>[*Hon. Dolly M. Gee, District Court Judge*]<br><br>**SURGERY CENTER MANAGEMENT'S EX PARTE APPLICATION FOR A STAY OF POST-TRIAL MOTION FILING DATES**<br><br>**DECLARATION OF ELON BERK**<br><br>Dept.:　　Courtroom 8C<br>Location:　350 West 1st Street, 8th Floor<br>　　　　　Los Angeles, CA 90012 |

　　　Defendant Surgery Center Management ("SCM"), by and through its counsel, respectfully submits this Ex Parte Application for Extension of Post-Trial Motion Filing Dates.  On April 22, 2022, counsel for the Government indicated its objection to the relief sought by this Application. Ex parte relief is necessary because the deadline for the post-trial motions is set for April 25, 2022, and SCM an extension is essential based on the following:

　　　(1) Although Surgery Center Management's new counsel, Mr. Berk, has received two portable hard drives from prior counsel (Received on Friday afternoon,

4/8/22), the materials which were received from former Counsel Devereux contain voluminous data which is not well organized, and a significant number of files are called "load files." It is apparent that the discovery was set up by the parties to be viewed through a 3rd party software application to which SCM's counsel does not have access. SMC's counsel's staff has worked diligently to download the data provided and attempt to organize the same.  SMC's counsel is frustrated by the long delay in getting the materials, and once it was obtained, he and his staff have been terribly frustrated at the sheer volume of discovery and the enormous amount of time to download these files.  SMC's Counsel will need to work with Mr. Omidi's counsel who has a 3rd party database management program for the material was provided by former Counsel Deverux.  However, it seems that Wilkie Firm has suspended payment for the the 3rd party database management vendor.  As such, SMC will need to take action to determine how to most efficiently get access to the documents in order to file post-trial motions, and

(2) The Government and Mr. Omidi's counsel have already agreed to stay of further proceedings and briefings on Mr. Omidi's Motions and to hold a Status Conference in two (2) weeks with the Court to discuss scheduling of the pot-trial motions and how the case should proceed.  Thus, the Court hearing date of May 25, 2022, will have be stayed and rescheduled to accommodate the agreement reach between the Government and Mr. Omidi's counsel.  Given that there will be a stay of proceedings, it will not be a burden on the parties or the Court to grant Surgery Center Management a stay Surgery Center Management's Motions now due April 25, 2022.

This Application is based on this notice of Application and Application, the Declaration of Elon Berk, and all the records, papers, and pleadings on file with the Court.

Respectfully Submitted,

GUROVICH, BERK & ASSOC.

*/s/ Elon Berk*

Dated: April 21, 2022        By:_____

Elon Berk
Attorney for Defendant,
Surgery Center Management, LLC.

# **DECLARATION OF ELON BERK**

I., Elon Berk, declare and say:

1.  I am the attorney for defendant Surgery Center Management, LLC.

2.  Surgery Center Management, LLC., requires additional time within which to file its Motion for New Trial and other pleadings which are due on April 25, 2022. I recognized the importance of meeting the Court's time line, and I apologize that I am once again forced to make a request for additional time. However, the circumstances of prior Counsel Mike Devereux being suspended by the California State Bar and his inability to get materials to me in a timely manner necessitate this request. As discussed below the Government and Mr. Omidi's counsel have agreed to stay his Motions and the government's opposition which are before the Court, and Surgery Center Management's request is being made in view of this stay.

2.  The materials which I received from former Counsel Devereux (Received on Friday afternoon, 4/8/22) contain voluminous data which is not well organized, and a significant number of files are called "load files.". It is, now, my understanding that the discovery was set up by the parties to be viewed through a 3rd party software application to which I do not have access. I was unaware when I last addressed the Court on April 6, 2022, in requesting an extension of time, that a discovery management program was necessary to intelligently organize, search and review the discovery herein.

4.  Since receiving the materials from Mr. Devereux, my staff has worked diligently to download the data provided and attempt to organize the same. My office staff and I are frustrated by the long delay in getting the materials, and once we obtained them, we are terribly frustrated at the sheer volume of discovery and the enormous amount of time to download these files. I will need to work with Mr. Omidi's counsel who has a 3rd party database management program for the material which I was provided by former Counsel Deverux. However, it is my understanding that Wilkie Firm has suspended payment for the the 3rd party database management vendor. I will need to take action to determine has

to most efficiently get access to the documents in order to file post-trial motions.

5. In addition to the foregoing, the Government and Mr. Omidi's counsel have already agreed to stay of further proceedings and briefings on Mr. Omidi's Motions and to hold a Status Conference in two (2) weeks with the Court to discuss scheduling of the pot-trial motions and how the case should proceed. Thus, the Court hearing date of May 25, 2022, will have be put on hold and rescheduled to accommodate the agreement reach between the government and Mr. Omidi's counsel. Given that there will be a stay of proceedings, it will not be a burden on the parties or the Court to grant Surgery Center Management an extension of time and to stay Surgery Center Management's Motions now due April 25, 2022.

6. It is extremely burdensome for Surgery Center Management to meet the current date of April 25, 2022. I request that surgery Center Management be included in the forthcoming Status Conference. Surgery Center Management joins with Mr. Omidi's unopposed Ex Parte to suspend further briefing to be reset at the Status Conference in two weeks and I request stay of the Post Trial Motion filing date to accommodate this purpose.

I declare under the laws of the United States that foregoing is true and correct. Executed this 6th day of April, 2022, at Sherman Oaks, California.

*/s/ Elon Berk*

_____

Elon Berk

<u>PROOF OF SERVICE</u>

I am over the age of 18 and not a party to the within action, employed and a resident of California. My business address is 15250 Ventura Blvd., Suite 1220, Sherman Oaks, CA 91403, I served the following document described as:

**SURGERY CENTER MANAGEMENT'S EX PARTE APPLICATION FOR EXTENSION OF POST-TRIAL MOTION FILING DATES; DECLARATION OF ELON BERK**

Upon the interested parties in this action as follows:

    __X__   By the Court's ECF.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 21, 2022.

*/s/ Elon Berk*

By: _____.

Elon Berk

Case No. 17-CR-00661-DMG
SCM'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE POST TRIAL MOTIONS